## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **MARCUS CUNNINGHAM,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| | :  Civil Action File No. |
| **vs.** | : |
| | : |
| **ACCESS HOLDINGS, INC.,** | : |
| **d/b/a AUTO ACCESS TOWING** | : |
| **and ROBERT F. GLOVER,** | : |
| | :  Jury Trial Demanded |
| **Defendants.** | : |

---

## COMPLAINT

COMES NOW Plaintiff Marcus Cunningham, by and through his attorneys, and asserts his claims against Defendants Access Holdings, Inc. and Robert F. Glover under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for due but unpaid minimum and overtime wages and other relief on the grounds set forth as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiff, a current tow truck driver employed by Defendants Access

Holdings, Inc. and Robert F. Glover based on Defendants' misclassifying Plaintiff as an independent contractor and therefore exempt from the FLSA's minimum wage and overtime pay requirements. As a result, Plaintiff regularly received less than $7.25 per hour during each workweek and regularly worked in excess of forty (40) hours per workweek without receiving overtime wages as required by the FLSA.

## JURISDICTION AND VENUE

### 2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Access Holdings, Inc.'s principal place of business is located in this judicial district, and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

### 4.

Plaintiff Marcus Cunningham resides in Rockdale County, Georgia.

5.

Defendant Access Holdings, Inc. is a corporation organized under the laws of the State of Georgia.

6.

Defendant Access Holdings, Inc. can be served with process via its registered agent and President and CEO, Robert F. Glover at his business address of 5727 Covington Highway, Decatur, Georgia 30035.

7.

Defendant Access Holdings, Inc. is subject to the personal jurisdiction of this Court.

8.

Defendant Robert F. Glover ("Glover") is the President and CEO of Defendant Access Holdings, Inc.

9.

Defendant Glover is the registered agent for Defendant Access Holdings, Inc.

10.

Defendant Glover may be served with process at his business address of 5727 Covington Highway, Decatur, Georgia 30035 or wherever he may be found.

11.

Defendant Glover is subject to the personal jurisdiction of this Court.

12.

At all times material hereto, Defendants have jointly operated a tow truck service doing business as Auto Access Towing whose principal place of business is located at 5727 Covington Highway, Decatur, Georgia 30035.

**INDIVIDUAL COVERAGE**

13.

At all times material hereto, Plaintiff was "engaged in commerce" as an employee of Access Holdings, Inc. as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

Specifically, Plaintiff regularly operated tow trucks to provide towing services for disabled vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

## ENTERPRISE COVERAGE

### 15.

At all times material hereto, Access Holdings, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### 16.

During 2012, Access Holdings, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 17.

During 2013, Access Holdings, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 18.

During 2014 Access Holdings, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

### 19.

During 2015, Access Holdings, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2012, Access Holdings, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2013, Access Holdings, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2014, Access Holdings, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2015, Access Holdings, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

Specifically, at all times material hereto, Access Holdings, Inc. had two or more employees who regularly provided towing services for disabled vehicles on

Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

25.

During 2012, Access Holdings, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2013, Access Holdings, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2014, Access Holdings, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During 2015, Access Holdings, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

At all times material hereto, Access Holdings, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

## STATUTORY EMPLOYER ALLEGATIONS

30.

Plaintiff Cunningham worked for Access Holdings, Inc. as a tow truck driver from approximately August, 2012 to date.

31.

At all times material hereto, the work performed by Plaintiff was integral to Access Holdings, Inc.'s business purpose (*i.e.*, a towing company).

32.

At all times material hereto, Plaintiff did not invest in Access Holdings, Inc.'s business such that he shared any significant risk of loss.

33.

At all times material hereto, Plaintiff did not utilize any special skills in the course of his work for Access Holdings, Inc.

34.

At all times material hereto, Plaintiff did not exercise independent business judgment in the course of his work for Access Holdings, Inc.

35.

At all times material hereto, Access Holdings, Inc. exercised significant, if not total control over the amount of Plaintiff's pay.

36.

At all times material hereto, Access Holdings, Inc. exercised significant control over Plaintiff's work hours.

37.

At all times material hereto, Access Holdings, Inc. exercised significant control over how Plaintiff's work was performed.

38.

At all times material hereto, Access Holdings, Inc. was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

At all times material hereto, Plaintiff was an "employee" of Access Holdings, Inc. as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

At all times material hereto, Defendant Glover exercised operational control over the work activities of Plaintiff.

41.

At all times material hereto, Defendant Glover was involved in the day to day operation of Access Holdings, Inc.

42.

At all times material hereto, Defendant Access Holdings, Inc. vested Defendant Glover with supervisory authority over Plaintiff.

43.

At all times material hereto, Defendant Glover exercised supervisory authority over Plaintiff.

44.

At all times material hereto, Defendant Glover scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

45.

At all times material hereto, Defendant Glover exercised authority and supervision over Plaintiff's compensation.

46.

At all times material hereto, Defendant Glover was an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

47.

At all times material hereto, Plaintiff was an "employee" of Defendant Glover as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

48.

At all times material hereto, Plaintiff worked six days per week, from 7:30 a.m. to 6:00 p.m. or later, and worked 63 hours per week on average.

49.

At all times material hereto, Plaintiff never left the State of Georgia to tow any vehicles.

50.

At all times material hereto, Plaintiff wore Defendants' Auto Access Towing Uniform while performing towing services for Defendants.

51.

Plaintiff did not solicit customers himself, and all his efforts are directed at serving the customers of Defendants.

52.

All materials necessary for Plaintiff to perform his job as a tow truck driver, including the tow truck, was provided to Plaintiff by Defendants.

53.

At all times material hereto, Defendants compensated Plaintiff solely by paying Plaintiff a commission of 30% of the towing fee received by Defendants from its customers on each towing job worked by Plaintiff.

54.

At all times material hereto, Defendants never paid Plaintiff any wages.

55.

At all times material hereto, Plaintiff received no pay or compensation while on duty and waiting for towing assignments.

56.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion or the entirety of their earnings in commission each week.

57.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings (if any) be divided by the total hours worked in order to determine the regular hourly rate.

58.

During each applicable pay period, Defendants failed to calculate a regular rate for Plaintiff by dividing the sum total of the commission earned and other earnings (which in this case is none) by the total hours worked.

59.

Plaintiff's regular hourly rate of pay was frequently below the below minimum wage of $7.25 per hour.

60.

29 U.S.C. § 207(a) requires that covered employers pay their employees at least time and one half of the employee's regular hourly rate of pay for all hours worked in excess of forty (40) in any given workweek, and pursuant to 29 U.S.C. §

206(a)(1)(C), that regular hourly rate of pay cannot be less than the minimum wage of $7.25 per hour.

61.

In most workweeks, Defendants failed to compensate Plaintiff at a pay rate equal to or above the minimum wage rate of $7.25 per hour for all hours worked up to forty (40) in any given workweek.

62.

In most workweeks, Defendants failed to compensate Plaintiff at an overtime pay rate equal to or above the minimum overtime wage rate of $10.875 per hour for all hours worked by Plaintiff in excess of forty (40) in any given workweek.

63.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

64.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

65.

At all times material hereto, Access Holdings, Inc. did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213(a).

14

66.

At all times material hereto, Access Holdings, Inc. did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

67.

At all times material hereto, Access Holdings, Inc. did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213(a).

68.

At all times material hereto, Access Holdings, Inc. did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213(a).

69.

At all times material hereto, Plaintiff was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)).

70.

At all times material hereto, Plaintiff's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

71.

At all times material hereto, Access Holdings, Inc. was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

72.

At all times material hereto, Plaintiff did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 206 AND 215 AGAINST BOTH DEFENDANTS
**(Minimum Wage Violations)**

73.

Paragraphs 1 through 72 are incorporated herein by this reference.

74.

At all relevant times, Plaintiff was entitled to be paid $7.25 for each and every hour worked for Defendants in a given workweek.

75.

Defendants regularly failed to pay Plaintiff the equivalent of $7.25 per hour free and clear for each hour worked for Defendants in any and all given workweeks.

76.

Defendants' failure to compensate Plaintiff the equivalent of $7.25 per hour for each hour worked for Defendants in any and all given workweeks is a violation of §§ 206 and 215 of the Fair Labor Standards Act of 1938, as amended.

77.

Defendants' violation of §§ 206 and 215 of the Fair Labor Standards Act is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO

## VIOLATION OF 29 U.S.C. §§ 207 AND 215 AGAINST BOTH DEFENDANTS
### (Overtime Pay Violations)

78.

Paragraphs 1 through 72 are incorporated herein by this reference.

79.

Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours per week.

17

80.

Defendants paid Plaintiff no wages at all for the overtime hours worked by him.

81.

Defendants were legally required to pay Plaintiff at the rate of time and one half of the minimum wage rate for all hours worked in excess of forty (40) in any and every given workweek.

82.

Defendants have failed and refused to adequately compensate Plaintiff at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

83.

Defendants' failure to compensate Plaintiff at the overtime rate of time and one half of minimum wage for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory

relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)     Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiff was an employee of Defendants and was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(e)     Award Plaintiff proper payment of minimum wages for each hour worked from three years preceding the filing of this Action, and liquidated damages equaling 100% of that amount, as required by the FLSA;

(f)     Award Plaintiff proper payment for each overtime hour worked from three years preceding the filing of this Action, calculated at the rate of time and one half the applicable minimum wage which should have been paid to Plaintiff by Defendants, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(g)     Award Plaintiff prejudgment interest on all amounts owed;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff his reasonable attorneys' fees and costs of litigation

        pursuant to 29 U.S.C. § 216(b); and

(j)     Award any and such other further relief this Court deems just, equitable

        and proper.

Respectfully submitted this 9th day of November 2015.

                                    */s/ Mitchell D. Benjamin*
                                    Mitchell D. Benjamin
                                    Georgia Bar No. 049888
                                    Kevin D. Fitzpatrick, Jr.
                                    Georgia Bar No. 262375

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com        ATTORNEYS FOR PLAINTIFF